The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.



Dated: June 24 2021

Mary Ann Whipple
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| In Re: Todd M. Blackmar and Amy B. Blackmar<br><br>Debtor(s).<br><br>Thomas E. Cafferty, Trustee<br><br>Plaintiff,<br>v.<br><br>Todd M. Blackmar, et al.<br><br>Defendant(s). | Case No. 20-31036<br><br>Chapter 7<br><br>Adv. Pro. No. 20-03036<br><br>JUDGE MARY ANN WHIPPLE |

### MEMORANDUM OF DECISION AND ORDER

This adversary proceeding is before the court on Defendants' Motion for Judgment on the Pleadings [Doc. # 11], Defendants' Renewed Motion for Judgment on the Pleadings [Doc. # 29], Plaintiff's Response [Doc. # 11], and Plaintiff's Renewed Response [Doc. # 30].

Defendant Todd M. Blackmar is a co-debtor in an underlying Chapter 7 bankruptcy case filed in this court on April 13, 2020. [*See* Case No. 20-31036]. Plaintiff is the duly appointed and acting trustee in that case. On June 23, 2020, Plaintiff filed a complaint against Blackmar, alleging the fraudulent transfer of a 2007 BMW Alpina motor vehicle by him "to TMB Enterprises, LLC, an entity wholly owned by Blackmar, for no consideration." [Doc. # 1 at ¶ 6]. Plaintiff's complaint sought to avoid the alleged

fraudulent transfer of the 2007 BMW by Defendant under 11 U.S.C. § 548 and Ohio R.C. § 1336. He did not, however, sue the alleged transferee, TMB Enterprises, LLC. On July 16, 2020, Blackmar filed a timely answer to the complaint.

Following Defendant Blackmar's timely answer, Plaintiff moved to amend the pleadings to add TMB Enterprises, LLC as a defendant [Doc. # 8]. Defendant moved for judgment on the pleadings [Doc. # 11] as well as objecting to Plaintiff's motion to amend [Doc. # 12]. Plaintiff filed a response to Defendant's objection on the motion to amend [Doc. # 15], and an objection to the Motion for Judgment on the Pleadings [Doc. # 17].

The court granted Plaintiff leave to file an amended complaint and held Defendant's Motion for Judgment on the Pleadings in abeyance pending a further pretrial conference and the filing of an amended complaint. [Doc. # 20].

As permitted by the court, Plaintiff filed his amended complaint [Doc. # 21] against both Todd M. Blackmar and TMB Enterprises LLC. Defendants filed a timely answer to Plaintiff's amended complaint. [Doc. # 24]. The court held a further pretrial conference on February 11, 2021, and at that conference, the court granted Defendants leave to renew Defendant Blackmar's motion for judgment on the pleadings as a supplement to his original motion. [Doc. ## 28, 29]. Likewise, Plaintiff was given leave to renew his response as a supplement. [Doc. # 30]. Defendants' renewed motion for judgment on the pleading is ripe for disposition.

## LAW AND ANALYSIS

A motion for judgment on the pleadings brought pursuant to Fed. R. Civ. P. 12(c) is made applicable to adversary proceedings by Fed. R. Bankr. P. 7012. The court evaluates a motion for judgment on the pleadings in the same manner as it reviews a motion for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Vickers v. Fairfield Medical Center*, 453 F.3d 757, 761 (6th Cir. 2006). Thus, under Rule 12(c), "well pleaded material allegations of the opposing party's pleading are to be taken as true and all inferences are to be taking in favor the nonmoving party." 10 COLLIER ON BANKRUPTCY ¶ 7012.06 (16th ed.), citing *Fritz v. Charter Twp. of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010). *See also Donovan v. FirstCredit, Inc.*, 983 F.3d 246, 252 (6th Cir. 2020) (citation omitted). A Rule 12(c) motion for judgment on the pleadings asks whether the "complaint . . . contain[s] sufficient factual material, accepted as true to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Originally the motion for judgment on the pleadings asserted two grounds for dismissal: failure to join a necessary party and that the complaint was filed outside the applicable statutory reach-back period(s) for the alleged transfer.

The court's order granting Plaintiff's competing motion for leave to amend his complaint and the amended complaint adding alleged transferee TMB Enterprises, LLC moot failure to join a necessary party as a basis for dismissal under Rule 12(c). Defendants' renewed motion for judgment on the pleadings will be denied as moot to that extent.

The remaining basis for dismissal on the pleadings is that Plaintiff commenced this action outside the applicable statutory reach-back period for an action to avoid a transfer commenced under 11 U.S.C. § 548. In response, Plaintiff contends that under 11 U.S.C. § 544(b)(1), he can separately utilize the "strong-arm" provision of the Bankruptcy Code to pursue claims of unsecured creditors under state law (Ohio), for which the reach-back period between the filing of the complaint and the alleged transfer is longer than under § 548.

Avoidance of fraudulent transfers is addressed by two sections of the Bankruptcy Code, 11 U.S.C. § 548 and 11 U.S.C. § 544. As explained by a sister court:

> The key difference between an action under § 548 and an action under § 544(b)(1) is the reach-back period. Section 548, captures only transfers made in the two years preceding the filing of the bankruptcy. Section § 544(b)(1) looks to the specific state statute's reach-back period, which is generally longer than two years. Thus, a bankruptcy trustee seeking to recover transfers made more than two years prior to the filing of the bankruptcy must file an action under § 544(b)(1).

*McClarty v. Hatchett (In the Matter of Hatchett)*, 588 B.R. 472, 477 (Bankr. E.D. Mich. 2018).

Plaintiff's amended complaint clearly invokes both § 548 of the Bankruptcy Code and Ohio Revised Code Chapter 1336 as statutory bases for avoiding the alleged fraudulent transfer of the BMW. [Doc. # 21, ¶ 1]. It never mentions § 544. Nevertheless, the failure to properly cite to statutes relied upon in a complaint is not a fatal flaw; the purpose of a complaint is to plead facts not law. As this court has previously held, "where Plaintiff[] ha[s] failed to cite the relevant statute or an incorrect statute is cited, the court must only review Plaintiff['s] allegations to determine whether they allege sufficient facts to state a claim for relief under some viable legal theory." *Palazolla v. City of Toledo (In re Palazolla)*, Bankruptcy No. 09-37696, Adversary No. 10-3254, 2011 WL 3667624 at *8 (Bankr. N.D. Ohio 2011) (citing *Gean v. Hattaway*, 330 F.3d 758, 765 (6th Cir. 2003)). The court thus construes the amended complaint as being brought under both § 544 (incorporating applicable Ohio law) and § 548.

3

Plaintiff filed his original complaint on June 23, 2020.[1] The amended complaint alleges that Defendant Blackmar filed his petition for relief under Chapter 7 on April 13, 2020, and that he transferred the BMW to TMB Enterprises, Inc. for no consideration "on or about November 7, 2017." [Doc. # 21, ¶¶ 5-6]. Under Rule 12(c), these facts must be taken as true.

Under 11 U.S.C. § 548(a)(1), one of the elements of an avoidable fraudulent transfer is that it "was made…on or within 2 years before the date of filing of the petition." In order for the transfer of the BMW to be avoidable under § 548(a)(1), Debtors would have had to have filed their petition by approximately November 7, 2019, some 5 months earlier than it was filed according to the amended complaint. Defendants are correct that the amended complaint does not state a claim under § 548. The renewed motion for judgment on the pleadings will be granted to the extent of the Trustee's claim for avoidance brought under § 548 of the Bankruptcy Code.

Under 11 U.S.C. § 544(b), "the trustee may avoid any transfer of an interest of the debtor in property or any obligation incurred by the debtor that is voidable under applicable law by a creditor holding an unsecured claim that is allowable under section 502 of this title or that is not allowable only under section 502(e) of this title." The trustee must have standing, which is accomplished by virtue of a "triggering creditor," *i.e.*, "a creditor who can avoid the transfer under applicable state law who also 'hold[s] an unsecured claim that is allowable under 11 U.S.C. § 502[.]'" *Whitacre v. Groves Venture LLC (In re Bolon)*, 538 B.R. 391, 404 (Bankr. S.D. Ohio 2015) (citing *Solomon v. Fellmy (In re Felsner)*, 289 Fed. Appx. 879, 882 (6th Cir. 2008)). This allows the trustee to "'stand in the shoes' of an unsecured creditor and assert causes of action under state fraudulent conveyance laws for the benefit of all creditors." *Lyon v. Forbes (In re Forbes)*, 372 B.R. 321, 330 (B.A.P. 6th Cir. 2007). The elements of a § 544(b) claim include: "(1) a creditor; (2) holding an allowable unsecured claim; (3) a transfer of an interest of the debtor in property; (4) that is voidable under applicable [state] law." *In re Felsner*, 289 Fed. Appx. at 882 (citing *In re Forbes*, 372 B.R. at 330).

Applying these requirements to pleadings, Plaintiff alleges that Debtors' petition "scheduled $1,834.969.06 in unsecured debts[.]" [Doc. # 21 at ¶ 8]. There is no requirement that the trustee plead the existence of a creditor by name, *Felsner*, 289 Fed. Appx. at 883; *UMB Bank v. Sun Capital Partners V, LP (In re LSC Wind Down, LLC)*, 610 B.R. 779, 786 (Bankr. Del. 2020); *Picard v. Estate of*

---

[1] Section 546(a) of the Bankruptcy Code, 11 U.S.C. § 546(a)(1)(A), separately requires commencement of an action or proceeding brought under, among other provisions, §§ 544 and 548 no later than 2 years after the order for relief. *See* 11 U.S.C. § 301(the filing of a petition constitutes an order for relief under the applicable chapter). Debtors filed the underlying Chapter 7 petition on April 13, 2020, and Plaintiff filed his original complaint against Blackmar on June 23, 2020. There is no basis to and Defendant do not contend that Plaintiff commenced this action outside the two year limitation period of § 546(a)(1)(A).

4

*Stanley Chais (In re Bernard L. Madoff Investment Securities, LLC)*, 445 B.R. 206, 234 (Bankr. S.D.N.Y. 2011). *But see, e.g., In re Petters Co., Inc.*, 495 B.R. 887, 900-901 (Bankr. D. Minn. 2013),[2] but the allegation of unsecured debts of over one million dollars creates an inference in Plaintiff's favor for pleading purposes that there exists at least one creditor holding an allowable unsecured claim in whose shoes Plaintiff may proceed.

The amended complaint further alleges the Debtor/Defendant "[o]n or about November 7, 2017 . . . transferred a 2007 BMW . . . to TMB Enterprises, LLC, an entity wholly owned by Blackmar, for no consideration." [Doc. # 21 at ¶ 6]. Thus, the third requirement under a § 544(b) claim, transfer of an interest of the debtor in property, is addressed.

Lastly, the amended complaint asserts a claim under O.R.C. Chapter 1336, Ohio's Uniform Fraudulent Transfer Act ("UFTA"). [Doc. # 21 at ¶ 1]. Sections 1336.04 and 1336.05 of the Ohio Revised Code establish claims for actually fraudulent transfers (O.R.C. § 1336.04(A)(1)), constructively fraudulent transfers (O.R.C. § 1336.04(A)(2) and § 1336.05(A)), and insider transfers (O.R.C. § 1336.05(B)). Plaintiff pleads elements of all three, including certain of the badges of fraud relative to actual intent, *see* O.R.C. § 1336.04(B), the transferor's insolvency, lack of consideration and facts indicative of insider status of the transferee, *see* O.R.C. § 1336.01(G). The parties to the transfer, the subject of the transfer and the date of the transfer are all set forth in the amended complaint.

Under the Ohio UFTA, avoidance of an actually or constructively fraudulent transfer is permitted up to *four* years after the date upon which such qualifying transfer occurs. O.R.C. § 1336.09(A) and (B).[3] Avoidance of an insider transfer, however, is only permitted up to one year after the date upon which such qualifying transfer occurs. O.R.C. § 1336.09(C). The amended complaint contends the Debtor was insolvent on the date of the transfer, November 7, 2017. [Doc. # 21 at ¶ 8]. Applying O.R.C. § 1336.09 to the facts alleged in the amended complaint, to the extent Plaintiff can prove a claim for either an actually

---

[2] Pleading is one thing. Proof in order to prevail on the merits is another. *Musicland Holding Corp. v. Best Buy Co. (In re Musicland Holding Corp)*, 398 B.R. 761, 780 (Bankr. S.D.N.Y. 2008). Arguably, the standard of proof on Chapter 1336 claims is by clear and convincing evidence. *Baumgart v. Ptacek (In re Ptacek)*, Case No. 16-10279, Adversary No. 17-1105, 2019 WL 4049842 at *9 (Bankr. N.D. Ohio Aug. 27, 2019).

[3] **1336.09 Limitation of actions**
A claim for relief with respect to a transfer or an obligation that is fraudulent under section 1336.04 or 1336.05 of the Revised Code is extinguished unless an action is brought in accordance with one of the following:
(A) If the transfer or obligation is fraudulent under division (A)(1) of section 1336.04 of the Revised Code, within four years after the transfer was made or the obligation was incurred or, if later, within one year after the transfer or obligation was or reasonably could have been discovered by the claimant;
(B) If the transfer or obligation is fraudulent under division (A)(2) of section 1336.04 or division (A) of section 1336.05 of the Revised Code, within four years after the transfer was made or the obligation was incurred;
(C) If the transfer or obligation is fraudulent under division (B) of section 1336.05 of the Revised Code, within one year after the transfer was made or the obligation was incurred.

fraudulent or constructively fraudulent transfer, his action was commenced well within the four-year reach-back period of O.R.C. § 1336.09(A) and (B) as incorporated in § 544. If Plaintiff can only prove an insider transfer, however, his action was commenced outside the one- ear reach-back period of O.R.C. § 1336.09(C) and Defendants would prevail at trial on the statute of limitations defense. That determination must await trial as Plaintiff's amended complaint states claim(s) under the strong-arm provision sufficient to survive dismissal on the pleadings.

In considering the requirements of Rule 12(c) in connection with the notice pleading standards of Rule 8, the allegations satisfy the plausibility test "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Based on the amended complaint, the court finds the allegations support a claim under 11 U.S.C. § 544(b) sufficient to withstand Defendants' challenge to the timeliness of the avoidance action to the extent brought thereunder. Defendants' renewed motion for judgment on the pleadings will be denied, without prejudice, to that extent.

**THEREFORE**, for the foregoing reasons, good cause appearing.

**IT IS ORDERED** that the Defendants' Motion for Judgment on the Pleadings, as Renewed, [Doc. ## 11, 29], be, and it hereby is, **GRANTED IN PART** and **DENIED IN PART;** and

**IT IS FURTHER ORDERED** that Defendants' motion is **GRANTED** to the extent of, and Defendants will be entitled to entry of judgment in their favor and against Plaintiff on, Plaintiff's claim under 11 U.S.C. § 548 based the affirmative defense of the complaint having been filed outside the applicable statutory reach-back period; and

**IT IS FURTHER ORDERED** that Defendants' motion is **DENIED** as moot to the extent of the defense of failure to name an indispensable party; and

**IT IS FINALLY ORDERED** that Defendants' motion is **DENIED, without prejudice,** to the extent of the statutory reach-back defense on Plaintiff's claim brought under O.R.C. Chapter 1336 via 11 U.S.C. § 544(b), and the action will proceed thereon.

# # #